

FILED
APR 25 2011
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-669 (7) |
| | ) | **Judge Matthew F. Kennelly** |
| v. | ) | |
| | ) | Count Seven: 18 U.S.C. § 371 |
| ABDUL QUDOOS BAKHSHI, | ) | (Conspiracy) |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through its undersigned attorneys, and ABDUL QUDOOS BAKHSHI ("defendant") and defendant's counsel hereby enter into the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

## RIGHTS OF DEFENDANT

1. Defendant understands his rights:

   (a) to be represented by an attorney;

   (b) to plead not guilty to any criminal charge brought against him;

   (c) to have a trial by jury, at which he would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for him to be found guilty;

   (d) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

   (e) not to be compelled to incriminate himself;

   (f) to appeal his conviction, if he is found guilty; and

   (g) to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.  Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above, and all jurisdictional and venue defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against him in the United States District Court for the Northern District of Illinois. Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. §§ 2241 or 2255, that challenges the sentence imposed by the Court, unless the sentence imposed constitutes an upward departure from the Guideline range deemed applicable by the Court, in which case defendant's appeal will be expressly limited to contesting the upward departure. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Defendant will plead guilty to Count Seven of the Superseding Indictment filed in the United States District Court for the Northern District of Illinois on June 18, 2009, charging defendant with conspiracy to commit an offense against the United States, to wit bribery, in violation of 18 U.S.C. § 371. Defendant admits that, as charged in Count Seven of the Superseding Indictment, he knowingly and unlawfully conspired, combined, confederated, and agreed with others, known and unknown, to commit bribery and that defendant and his co-conspirators performed overt acts in furtherance thereof. Defendant is pleading guilty because he is guilty and understands that he will be adjudicated guilty of this offense. At sentencing, the United States will move to dismiss Counts Nine, Ten, Thirteen, and Fourteen of the Superseding Indictment.

3.  Pursuant to the terms of this Plea Agreement, defendant will plead guilty to the

criminal charge described in Paragraph 2 above, and at his change of plea hearing, defendant will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below and in the Superseding Indictment. Defendant agrees that this factual admission will establish his guilt beyond a reasonable doubt.

## FACTUAL BASIS FOR OFFENSE CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For the purposes of this Plea Agreement, the "relevant period" is that period from in or about September 2004 until at least in or about February 2005. During the relevant period, the United States Department of Defense ("DOD") operated a military base at Bagram Airfield ("BAF"), Afghanistan. During the relevant period, defendant owned and operated a military contracting business, Naweed Bakhshi Company ("NBC") and through NBC, defendant contracted with the DOD to supply BAF with, among other things, bunkers and barriers and asphalt paving services.

(b) During the relevant period, Christopher P. West, ("West"), an Army Major with the Illinois National Guard 33rd Area Support Group ("ASG"), was deployed to BAF on or around March 29, 2004, and assigned as the "S4," or head of Base Operations, where he served until in or around March 2005. West worked at Base Operations with Robert G. Moore ("Moore"), a fellow member of the Illinois National Guard 33rd ASG.

(c) During the relevant period, Patrick W. Boyd ("Boyd"), an Air Force Master Sergeant with the 496th Air Base Squadron, was a Contracting Officer at BAF from on or about September 20, 2004, until on or about January 23, 2005. Among other things, Boyd awarded contracts for bunkers and barriers and asphalt paving services at BAF.

(d) As members of the United States military, West, Moore, and Boyd were public officials within the meaning of 18 U.S.C. § 201(a)(1).

(e) Beginning at least in September 2004 and continuing through at least June 2005, defendant knowingly and unlawfully combined, conspired, confederated, and agreed with West, Moore, Boyd, and others to commit an offense against the United States, namely bribery, by directly and indirectly, corruptly giving, offering and promising things of value, that is, money, to West, Moore, and Boyd with the intent to influence the performance of official acts and to influence them to do and omit to do acts in violation of their official duty, including the award of a DOD contract to NBC, and defendant and his co-conspirators took overt acts to effect the illegal purposes of this conspiracy.

(f) As part of this conspiracy, defendant agreed to pay Moore and West a designated amount of money in return for the award of a DOD asphalt contract to NBC.

(g) As part of this conspiracy, on or about October 21, 2004, in return for a payment of $30,000 from defendant and NBC, West, Moore, and Boyd awarded and caused to be awarded DOD asphalt paving contract #W913TY-05-D-0005 to NBC.

## POSSIBLE MAXIMUM SENTENCE

5. Defendant understands that the statutory maximum penalties which may be imposed against him upon conviction for a violation of 18 U.S.C. § 371 are:

(a) a term of imprisonment for five (5) years (18 U.S.C. § 371);

(b) a fine in an amount equal to the greatest of: (1) $250,000; (2) twice the gross pecuniary gain derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime; and

(c) a term of supervised release of not more than three years following any

4

term of imprisonment. If defendant violates any condition of supervised release, defendant could be required to serve the entire term of supervised release in prison. 18 U.S.C. §§ 3559(a)(3); 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2).

6. In addition, defendant understands that:

    (a) pursuant 18 U.S.C. §§ 3663(a)(3) or 3583(d), the Court shall order him to pay restitution to the victims of the offense; and

    (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order defendant to pay a $100.00 special assessment upon conviction.

## SENTENCING GUIDELINES

7. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant agrees that this Plea Agreement, along with the record, including any testimony, that will be created by the United States and defendant at the plea and sentencing hearings, as well as any sentencing memorandum, will provide sufficient information concerning defendant, the crime charged, and defendant's role in the crime to enable the meaningful exercise of the Court's sentencing authority as required by 18 U.S.C. § 3553.

## SENTENCING AGREEMENT

8.  For purposes of calculating the sentence directed by the Sentencing Guidelines, the United States and defendant agree to recommend the following calculation, which the parties agree provides a fair, just, and reasonable resolution of this matter:

   (a)  The November 1, 2010, edition of the Guidelines applies;

   (b)  Pursuant to Guidelines §2X1.1(a), the controlling Guideline is §2C1.1, and pursuant to §2C1.1(a)(2), the base offense level is 12;

   (c)  The value of the payment, the benefit received or to be received in return for the payment, or the loss to the government from the offense was more than $30,000 but not more than $70,000, and thus a six-level increase is appropriate pursuant to U.S.S.G. §§2C1.1(b)(2) and 2B1.1(b)(1)(D); and

   (d)  The parties agree that either side may tender arguments whether the offense involved a public official in a high-level decision-making and sensitive position, and thus, whether a four-level increase is appropriate pursuant to U.S.S.G. §2C1.1(b)(3).

9.  The United States does not oppose a two-level reduction in the defendant's combined offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the Court determines the defendant's offense level to be 16 or greater prior to the operation of U.S.S.G. §3E1.1(a), the United States agrees to make a motion under U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the defendant's timely notification of her intention to plead guilty. The United States may oppose any adjustment for acceptance of responsibility if the defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offenses; (c) gives conflicting statements about his involvement in the offenses; (d) is untruthful with the Court,

the United States, or the Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

10. Defendant understands that there is no agreement as to the sentencing provisions set out in Chapter Four of the Guidelines, and that the foregoing sentencing guidelines calculations could change based upon his criminal history category, or if he is a career offender, or if the instant offense was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

11. The United States and defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, Sentencing Guidelines factors, potential departures or adjustments as set forth in Chapters 2, 3, 4, or 5 of the Sentencing Guidelines will be raised, argued, or are in dispute.

12. Defendant, his attorney, and the United States acknowledge and agree that the above calculations are preliminary in nature and based on facts known to the United States as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. The validity of this Plea Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations and defendant has no right to withdraw his Plea Agreement if the probation officer or the Court do not agree or concur with the calculations, stipulations, or recommendations of the parties. Defendant further understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the calculations, stipulations, or recommendations contained in this Plea Agreement, he nevertheless

has no right to withdraw his plea of guilty.

## RESTITUTION

13. Defendant agrees to the entry of a restitution order for the full amount of the victim's losses pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(A)(ii), and 3664(f)(1)(A), as determined by the Court at the sentencing hearing. Defendant agrees that any restitution due and owing, as determined by the Court, will be paid within 30 days of the imposition of sentence. The United States and defendant agree that they are aware of restitution owed for the following actual losses to the victim of the offenses:

    (a) $30,000 to the United States Department of Defense.

## GOVERNMENT'S AGREEMENT

14. Upon the Court's acceptance of the pleas of guilty called for by this Plea Agreement, the imposition of the sentence, and the full payment of restitution, the United States agrees not bring further criminal charges against defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the crimes arising from the facts set forth in the Superseding Indictment and in this Plea Agreement ("Relevant Offenses"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

15. Upon the Court's acceptance of the pleas of guilty called for by this Plea Agreement, the United States Department of Justice, Criminal Division, agrees not to oppose, on the basis of defendant's indictment, guilty pleas, or convictions for the conduct charged in this case, any lawful request, petition, or application for immigration to the United States.

## REPRESENTATION BY COUNSEL

16. Defendant has reviewed all legal and factual aspects of this case with his attorney

and is fully satisfied with his attorney's legal representation. Defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations concerning each paragraph of this Plea Agreement and the alternatives available to defendant other than entering into this Plea Agreement. After conferring with his attorney and considering the alternatives, defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

17. Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

18. Defendant agrees that should the United States determine in good faith that defendant has violated any provision of this Plea Agreement, the United States will notify defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against defendant for any of the charged conduct, the statute of limitations period for such offenses will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

## ENTIRETY OF AGREEMENT

19. This Plea Agreement constitutes the entire agreement between the United States and defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and defendant.

20. The undersigned attorneys for the United States have been authorized by the Attorney General to enter this Plea Agreement on behalf of the United States.

21. A facsimile or other electronically transmitted signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Dated: 4/24/11

Respectfully submitted,

Mark W. Pletcher
Emily W. Allen
Glenn S. Leon
Trial Attorneys
United States Department of Justice
1400 New York Avenue; 11th FLoor
Washington, D.C. 20005

With the assistance of a translator, I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I am completely satisfied with the representation of my attorney.

4/23/11
Date

_____
Abdul Qudoos Bakhshi

I am Abdul Qudoos Bakhshi's attorney. With the assistance of a translator, I have carefully reviewed every part of this agreement with him. To my knowledge, his decision to enter into this agreement is informed and voluntary.

4/23/11
Date

_____
Lawrence S. Beaumont, Esq.
Keri Ambrosio, Esq.
Counsel for Abdul Qudoos Bakhshi